**FORREST et al. v. GAINES et al.  (No. 8254.)**

Court of Civil Appeals of Texas.  San Antonio. Oct. 9, 1929.

Rehearing Denied Nov. 13, 1929.

W. C. Linden and Jos. A. Dickey, both of San Antonio, for appellants.

Joe Clay Roberts, of San Antonio, for appellees.

COBBS, J. Appellees filed this suit against appellants to recover seven certain vendor's lien notes, aggregating the sum of $4,892.40, the separate property of Mrs. Lorena M. Gaines, one of the appellees, which vendor's lien notes were deposited with appellants, in January, 1928, as collateral security for a note executed by appellees in favor of T. S. Forrest, in the sum of $1,650, due 60 days after date.

Appellees alleged tender of the amount due on said $1,650 note, on or about the 15th day of June, 1928, and again in July, 1928, which tender being refused, they sued for the face value of said seven vendor's lien notes, which, less credits, was alleged to be $3,962.50.

The execution of the $1,650 note was admitted and that it contained a clause forfeiting the said seven vendor's lien notes, and authorizing a sale of the vendor's lien notes at private sale, if said original note was not paid.

After maturity of the $1,650 note John P. Forrest exercised his option to sell said vendor's lien notes, at private sale, and he, himself, became the purchaser. This sale was made without any notice whatever to appellees, and appellant John P. Forrest still holds or controls the said vendor's lien notes under his alleged purchase.

There is much briefing by both parties, and there are a number of assignments and propositions presented, all of which we have carefully read and considered. We do not think the sale was a valid one. It was made without any notice whatever to appellees. While the parties may in law have had the right to make such a contract to sell at private sale, the courts will look upon the same with suspicion, and will permit no sale or conversion of the same thereunder without notice. Forfeitures are abhorred in law, and no sale of any one's property will be allowed to stand under such circumstances. It is not in accordance with due process of law.

The charge in this case has fairly and fully presented all the issues; the judgment is supported by the facts and is affirmed.